
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30074 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-02140-WFN-1 |
| v. | |
| DAVID LYLE GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted August 2, 2011[**]
Seattle, Washington

Before: SCHROEDER and M. SMITH, Circuit Judges, and FOGEL, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeremy D. Fogel, District Judge for the United States District Court for Northern District of California, sitting by designation.

David Gomez ("Gomez") appeals his jury conviction of aggravated sexual abuse within Indian Country, in violation of 18 U.S.C. §§ 1153 and 2241(c). On appeal, Gomez argues that the evidence produced at trial was insufficient to support a conviction. We review de novo the denial of a Rule 29 motion for acquittal. *See United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010). The evidence presented at trial permitted a rational jury to find Gomez guilty beyond a reasonable doubt of aggravated sexual abuse within Indian Country, and therefore we affirm.

To prove a violation of 18 U.S.C. §§ 1153 and 2241(c), the government must show that: (1) the defendant knowingly engaged in a sexual act with Victim; (2) at that time, Victim had not yet reached the age of twelve years; (3) the offense was committed within Indian Country; and (4) the defendant is an Indian.

There was no dispute that the victim was under the age of twelve when the sexual abuse occurred. In fact, she was only eleven-years-old when she testified at the trial. At trial, the parties agreed to stipulate that Gomez is an enrolled member of the Yakama Nation, and is therefore an Indian as defined by 18 U.S.C. § 1153. The parties also stipulated that the residence where the abuse took place is within the Yakama Nation Reservation, and thus within Indian Country, as defined by 18 U.S.C. § 1153. Thus, Gomez challenges only the sufficiency of the evidence

relating to the first element of the crime – whether he knowingly engaged in a sexual act with the victim.

At most, Gomez's contentions on appeal amount to challenges to the credibility of the government witnesses, and principally the credibility of the victim's trial testimony. The credibility of witnesses, however, is a question for the jury and is unreviewable on appeal. *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). The district court properly denied Gomez's Rule 29 motion, since there was sufficient evidence to support his conviction.

**AFFIRMED**.